UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

  *Plaintiff-Appellee,*

v.

MICHAEL C. GOODSON, a/k/a Larry
Allen Taylor,

  *Defendant-Appellant.*

No. 02-4818

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Lacy H. Thornburg, District Judge.
(CR-01-212-3)

Submitted: May 12, 2003

Decided: May 23, 2003

Before WIDENER, WILLIAMS, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Julia G. Mimms, LAW OFFICE OF JULIA G. MIMMS, P.A., Charlotte, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Kenneth M. Smith, Assistant United States Attorney, Jennifer M. Hoefling, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Michael C. Goodson pled guilty to one count of making, uttering, and possessing forged and counterfeit securities and aiding and abetting in the same, in violation of 18 U.S.C. §§ 2, 513(a) (2000). He appeals his sentence, arguing that the district court erred in including an estimated value for blank checks in the determination of the amount of loss caused by his conduct. We find no clear error, and therefore affirm.

Goodson successfully negotiated twenty-one counterfeit checks, causing an actual loss of $24,352.08. Fifty-three non-negotiated checks were recovered from Goodson. These checks were written in different amounts, with a total intended loss from the non-negotiated checks of $53,394.13. Goodson had also produced 123 blank counterfeit checks. In determining the amount of loss attributable to the blank checks, the sentencing court calculated the average amount per check as to the negotiated and non-negotiated checks and multiplied that average loss by the number of blank checks recovered from Goodson. The court then added this product to the sum of the negotiated and non-negotiated counterfeit checks. The resulting amount was used to determine Goodson's offense level.

On appeal, Goodson contends that the blank checks were not securities, and therefore the district court erred in estimating an amount of loss with respect to those checks. While it is not clear whether the blank checks would constitute "securities" for purposes of a conviction under § 513(a), *compare United States v. Wade*, 266 F.3d 574, 584 (6th Cir. 2001), *cert. denied*, 535 U.S. 964 (2002), *with* 18 U.S.C. § 513(c)(3), including an estimate of loss with respect to the blank checks was appropriate for sentencing purposes. *See United States v. Robbio*, 186 F.3d 37, 43-44 (1st Cir. 1999) (upholding use of average value of negotiated counterfeit checks to determine intended loss with

respect to blank checks and blank check paper); *United States v. Chappell*, 6 F.3d 1095, 1101 (5th Cir. 1993) (determining intended loss with respect to blank checks by using average value of negotiated counterfeit checks).

In determining the loss amount for sentencing purposes, the court may use the intended loss if that amount is more than the actual loss. *U.S. Sentencing Guidelines Manual* § 2F1.1, comment. n.8 (2000). The amount of "the loss need not be determined with precision. The court need only make a reasonable estimate of the loss given the available information." USSG § 2F1.1, comment. n.9. The loss with respect to non-negotiated instruments may be estimated by determining an average loss of negotiated instruments. *Id.*; *see Robbio*, 186 F.3d at 43-44; *United States v. Jackson*, 155 F.3d 942, 948 (8th Cir. 1998); *Chappell*, 6 F.3d at 1101. Here, the district court used the amount of loss associated with the negotiated checks and the intended loss amount with respect to the non-negotiated but completed checks to determine an average amount per check. The court then multiplied the average check amount by the number of blank checks found in Goodson's possession. The district court did not clearly err in its estimation of the intended loss attributable to Goodson. *See United States v. Wells*, 163 F.3d 889, 900 (4th Cir. 1998) (providing standard of review).

Accordingly, we affirm Goodson's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*